Nass' Estate

*William E. McCall, Jr., Charles S. Crawford,* and *Michael A. Foley,* for exceptant.

*Benjamin H. Ludlow, David R. Griffith, Jr.,* and *Charles Hunsicker,* contra.

LAMORELLE, P. J., March 29, 1935.—In his lecture, "Practical Suggestions for Drawing Wills", delivered before the Law School of the University of Pennsylvania in 1907, and in a later one, delivered in 1909 on "Settlement of Estates", Judge Gest calls attention to the fact that words of survivorship are frequently used and generally in an ambiguous way, "for to survive may mean to survive the testator, or to survive one or more of the class; or, in some cases, some other event"; and then states: "It is a general rule of construction that words of survivorship in bequests of personalty as well as devises of realty, in Pennsylvania, *prima facie,* refer to the death of the testator and not, according to the English decisions, to the death of a tenant for life." (Gest, Drawing Wills and Settlement of Estates in Pennsylvania, 32.)

In the matter now before us on exceptions, testator made his will in the year 1895, and left surviving him three daughters and one son. The son was preferred to the daughters as to amount, taking his one fourth outright, while the daughters got but one half of their respective one fourth outright, and the other remained in trust for them for life, with remainder to their respective children. In the event of a daughter dying "without leaving lawful issue" such share was given "unto my surviving child or children absolutely and forever."

The accounting was had because of the death of a childless daughter, and the one then surviving daughter claimed the fund to the exclusion of the estates of the children then deceased.

The auditing judge properly held that survivorship referred to the death of the original testator.

The law as it stood in 1895 is set forth at length in an adjudication by the late Judge Ashman, and opinion on exceptions by Judge Penrose, in Sterling's Estate, 7 Pa. C. C. 223. These decisions have never been questioned and they rule the present case.

All exceptions are dismissed, and the adjudication is confirmed absolutely.